United States Court of Appeals
for the
Third Circuit

| | | |
|---|---|---|
| UNITED REFINING COMPANY, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 21-3218 |
| | ) | |
| U.S. ENVIRONMENTAL | ) | |
| PROTECTION AGENCY and | ) | |
| MICHAEL S. REGAN, in his official | ) | |
| capacity as Administrator of the U.S. | ) | |
| Environmental Protection Agency, | | |
| | | |
| Respondents | | |

**PETITIONER'S UNOPPOSED MOTION TO FILE
OPENING BRIEF AND JOINT APPENDIX VOLS. I & III
UNDER SEAL**

Pursuant to 3d Cir. L.A.R. 106.1(a), Petitioner United Refining Co. ("United

Refining") hereby respectfully moves the court for leave to file its opening merits

brief and Volumes I and III to the Joint Appendix under seal. As explained below,

United Refining's opening brief and the contents of Volumes I and III of the Joint

Appendix contain United Refining's highly sensitive and confidential business

information that is protected from public disclosure.

Respondents do not oppose the filing of this motion.

\*       \*       \*       \*

Under L.A.R. 106.1(a), a motion to seal must set forth "with particularity the

reasons why sealing is deemed necessary." A motion to seal must also "explain the basis for sealing and specify the desired duration of the sealing order." *Id*.

Here, the basis for sealing United Refining's opening merits brief, and the corresponding supporting materials in Volumes I and III of the Joint Appendix, is that they contain or analyze United Refining's highly sensitive and confidential business information that is protected from public disclosure under 5 U.S.C. § 552(b)(4), which covers materials that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential[.]" *See also Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019) ("where commercial or financial information is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy, the information is 'confidential'").

To explain why United Refining believes Respondents' decision at issue in this case is arbitrary and capricious, United Refining's brief and/or Joint Appendix Volumes I and III contain detailed private commercial and financial information over multiple compliance years, such as the company's: annual refining margins, annual regulatory compliance costs, access to capital, market share, capital expenditures, regulatory outlook, and various other criteria that the Department of Energy and EPA analyze to determine whether a small refinery hardship exemption is warranted. United Refining's brief also sets forth how DOE and EPA

used its inside financial information to determine the merits of United Refining's request for economic hardship relief through non-public scoring matrices that are derived from United Refining's private financial and accounting records.

United Refining's argument and analysis is supported by citations to the Joint Appendix volumes that contain the referenced confidential documents or communications from the administrative record. Volume III of the Joint Appendix consists entirely of these confidential supporting materials. Documents in Volume I, which are mandated by L.A.R. 32.2(c), also contain confidential portions of the administrative record, and per L.A.R. 30.3(e), Volume I is to be included with United Refining's opening brief which itself will be under seal.

If the contents of United Refining's brief and Joint Appendix Volumes I and III are made public, United Refining could incur substantial financial injury from competitors who could use this information to gain unfair insight into United Refining's finances, operations, market share, and financial projections. That is why these parts of the administrative record were conspicuously marked as containing "Confidential Business Information" and why United Refining requested the documents be protected from public disclosure from the date they were created. *See Three Bros. Supermarket, Inc. v. United States*, 2020 WL 5749942, at *4-5 (E.D. Pa. Sept. 25, 2020) (sealing portions of administrative record containing sensitive financial information).

As noted above, Respondents do not oppose the relief requested in this motion.  EPA has continuously maintained the confidentiality of these documents since they were created and submitted to the Agency. Moreover, EPA takes the position in its guidance documents that private information such as "sales or marketing plans" and "detailed instruction process descriptions" and "financial data (e.g., assets, profits, taxes, commercialization, client lists)" and "profit and loss data" all may qualify as confidential business information protected from public disclosure. (*See https://www.epa.gov/sites/production/files/2020-12/documents/cbiqas.pdf,* paragraph 4.)

Finally, given the highly sensitive and private nature of United Refining's financial and business information contained in its opening brief and Volumes I and III of the Joint Appendix, and threat of substantial financial harm to United Refining if they are publicly disclosed, United Refining requests they remain under seal indefinitely.

## **CONCLUSION**

For the reasons set forth above, and based on good cause shown, United Refining respectfully requests the Court grant this motion, and file and maintain United Refining's opening merits brief and Volumes I and III of the Joint Appendix under seal.

Respectfully submitted:     April 6, 2022

*/s/ Mark W. DeLaquil*_____
Mark W. DeLaquil
*Attorney for Petitioner United Refining Company*
**BAKER & HOSTETLER LLP**
1050 Connecticut Ave NW, Ste. 1100
Washington, DC 20036
mdelaquil@bakerlaw.com
202-861-1527

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel certifies that this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), the document contains 720 words. This motion also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word in 14-point Times New Roman font.

*/s/ Mark W. DeLaquil*_____

Mark W. DeLaquil
*Counsel for Petitioner URC*

## **CERTIFICATE OF SERVICE**

I certify that on April 6, 2022, I caused the foregoing to be electronically filed under seal using the Court's CM/ECF service which will provide notice to all counsel of record.

*/s/ Mark W. DeLaqui*l_____

Mark W. DeLaquil
*Counsel for Petitioner United Refining Co.*